**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CIVIL ACTION NO. 22-119-DLB**

**LINDA ADAMS**                                                                                    **PLAINTIFF**

**v.**                        **MEMORANDUM OPINION AND ORDER**

**OLD REPUBLIC INSURANCE CO., et al.**                                    **DEFENDANTS**

* * * * * * * * * * * * * *

This matter is before the Court on Plaintiff Linda Adams' Motion for Order to Show Cause.  (Doc. # 4).  Defendants have also filed a Motion to Dismiss.  (Doc. # 5).  Both motions are now ripe for review.  (Docs. # 6, 13, 14, and 16).  For the reasons set forth herein, Plaintiff's Motion for Order to Show Cause is **denied** and Defendants' Motion to Dismiss is **granted**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case originates from a claim under the Black Lung Benefits Act ("BLBA").  30 U.S.C. §§ 901-945.  Plaintiff Adams is the widow of Tony Lee Adams, who was employed as a coal miner by Defendant Wilgar Land Company.  (Doc. # 1 ¶ 2).  Tony Adams filed a claim for federal black lung benefits in 2008 but died in 2013 while proceedings were ongoing.  (*Id.* ¶¶ 7-8).  Plaintiff Adams then filed a survivor's claim in October 2013.  (*Id.* ¶ 9).  After seven years, a Department of Labor Administrative Law Judge ("ALJ") issued award orders on both Tony and Linda Adams' claims on December 18, 2020.  (*Id.* ¶ 10).  On December 29, 2020, the Department of Labor's Office of Workers' Compensation Programs ("OWCP") calculated that Defendants owed a combined total of $89,846.00 in

retroactive benefits and ongoing monthly benefits to Adams. (*Id.* ¶ 11; Doc. # 1-3 at 3, 8). Defendants appealed the ALJ's award to the Benefits Review Board, without seeking a stay, which affirmed both awards in June 2022. (Doc. # 1 ¶¶ 12-13). The OWCP then issued a letter renewing Defendants' payment obligations. (*Id.* ¶ 14; Doc. # 1-5 at 1, 3, 6, 8). Defendants appealed the Benefit Review Board's decision to the U.S. Court of Appeals for the Sixth Circuit, again without seeking a stay. (Doc. # 1 ¶ 15). That appeal remains pending.

On September 9, 2022, after historic flooding in eastern Kentucky and facing financial hardship, Adams sent a letter to the Department of Labor applying for two supplementary default orders as provided by 33 U.S.C. § 918 and 20 C.F.R. § 725.605. (Docs. # 1 ¶ 16 and 1-6 at 1). A claims examiner, on behalf of the district director, issued two supplementary orders. (Doc. # 1-1 at 1-4). Adams then filed suit in this Court to enforce the supplementary orders in accordance with 33 U.S.C. § 918(a), which is incorporated by reference into the BLBA via 30 U.S.C. § 932(a). Defendants dispute the legitimacy of the two supplementary orders and seek dismissal of the Complaint.

## II.    ANALYSIS

### A.    Standard of Review

33 U.S.C. § 918(a) instructs that a supplementary order of the deputy commissioner[1] "shall be final, and the court shall, upon the filing of the copy, enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law." Therefore, the Court's inquiry here is

---

[1]    Over time and through amendments, deputy commissioners have become referred to as district directors. *Dir., Off. of Workers' Comp. Programs, Dep't of Lab. v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 138, 115 S. Ct. 1278, 1289, 131 L. Ed. 2d 160 (1995) (Ginsburg, J., concurring). Thus, the two terms are interchangeable.

limited to whether the supplementary orders issued in this case were in "accordance with law." *Hanson v. Marine Terminals Corp.*, 307 F.3d 1139, 1142 (9th Cir. 2002). In other words, this Court "is limited to screening for procedural defects." *Thompson v. Potashnick Const. Co.*, 812 F.2d 574, 576 (9th Cir. 1987).

Granting a motion to dismiss is appropriate if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Further, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In evaluating a motion to dismiss, a court should "construe the complaint in the light most favorable to the plaintiff" and "accept all well-pleaded factual allegations as true." *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570). However, "mere conclusory statements[], do not suffice" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 678-79. The Court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint . . . ." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

Although the statute of limitations is normally raised in a motion for summary judgment, rather than a motion to dismiss, a court may dismiss if the limitations bar is evident from the face of the complaint. *See Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014); *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992); *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2012).

3

### B.    Relevant Procedure

33 U.S.C. § 918(a) provide that, in the case of a default by an employer in paying the compensation due under a compensation award, the person owed compensation "may, within one year after such default, make application to the deputy commissioner making the compensation order [for] a supplementary order declaring the amount in default."  However, the statute continues with "[a]fter investigation, notice, and hearing, as provided in section 919 of this title, the deputy commissioner shall make a supplementary order, declaring the amount of the default . . . ."  33 U.S.C. § 918(a).  The parties dispute (1) whether there was a default, (2) whether Adams filed out of time given the one-year limitation contemplated by the statute, and (3) whether adequate notice, hearing, and investigation took place.  (Docs. # 5, 6, 13, 14 and 16).  As explained below, the Court finds that there was a default in this case, but Adams failed to request a supplementary order within the applicable one-year period, and thus the Court need not address the parties' further arguments regarding notice, hearing, and investigation.

### 1.    *Default*

First, Defendants argue that there was no default.  (Doc. # 6 at 10-12).  The Court must decide whether a default occurred because if it did not, there would be no basis for Adams' action.  The crux of Defendants' argument is that the BLBA differs from the Longshore and Harbor Workers' Compensation Act ("LHWCA") in that the BLBA has a distinct compensation scheme that includes the Black Lung Benefits Disability Trust Fund ("Trust Fund") that pays employees interim benefits if an employer refuses to pay.  (*Id.* at 10-11).[2]  Because of these payments and the Trust Fund's existence, Defendants posit

---

[2]    The BLBA states that provisions of the LHWCA, except for specifically excluded provisions, apply to operators of coal mines.  Thus, significant portions of the LHWCA are

that Congress did not envision anything more than the Trust Fund stepping in to assist employees during proceedings as opposed to employees pursuing default orders. (*Id.* at 11-12). Adams responds that every court that has considered this argument has rejected it because it is contrary to the plain language of the law and relevant regulations. (Doc. # 13 at 13-14). The Court agrees with Plaintiff on this issue for several reasons.

First and foremost, the BLBA specifically excludes certain provisions of the LHWCA, none of which are the provisions related to defaults. 30 U.S.C. § 932(a); *Thacker ex rel. Est. of Clevenger v. Old Republic Ins. Co.*, 416 F. Supp. 3d 651, 656 (E.D. Ky. 2019). Why would Congress envision nothing more than the operation of the Trust Fund to assist employee-claimants while they await outcomes but retain incorporation of provisions that address and enforce employer defaults? Congress specifically enumerated twenty-six provisions of the LHWCA that were excluded from the BLBA and yet omitted §§ 914, 918, and 921 from that list (the provisions related to default). In 1972, Congress even revised the list of excluded provisions but still did not add any of the provisions related to default. *See* § 5(9), Pub. L. No. 92-303, 86 Stat. 156. The longstanding interpretive doctrine of *expressio unius* guides the Court to understand this omission by Congress to justify "the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (citing *United States v. Vonn*, 535 U.S. 55, 65 (2002)). Moreover, the Department of Labor has promulgated regulations further reinforcing the understanding that defaults can be found and acted upon in BLBA proceedings. 20 C.F.R. § 725.605 (titled

---

incorporated by reference into the BLBA, including 33 U.S.C. § 918, which was invoked by Adams to initiate this action. 30 U.S.C. § 932(a); *Thacker*, 416 F. Supp. 3d at 656.

"Defaults").

Lastly, Adams is correct that courts, including this one, have uniformly rejected Defendants' argument, albeit while discussing § 914 instead of § 918, but the principle is the same: the default provisions are still operative.  *See Thacker*, 416 F. Supp. 3d at 667 (rejecting this argument in the context of 33 U.S.C. § 914(f)); *Burton v. Drummond Co. Inc.*, 350 F. Supp. 3d 1198, 1208 (N.D. Ala. 2018) (same); *Vialpando v. Chevron Mining, Inc.*, No. 18-251-BRB-SCY, 2018 WL 5017754, at *5 (D.N.M. Oct. 16, 2018) (same); *Byrge ex rel. Est. of Byrge v. Premium Coal Co. Inc.*, 301 F. Supp. 3d 785, 800 (E.D. Tenn. 2017) (same); *Combs v. Elkay Min. Co.*, 881 F. Supp. 2d 728, 732 (S.D.W. Va. 2012) (noting that § 914(f) does not contain an independent enforcement mechanism and requires a § 918 proceeding to be effective).  Therefore, Defendants are incorrect that the Trust Fund precludes the existence of a default in this matter.  Indeed, as explained in the OWCP's calculation of benefits, failure to make timely payments would result in a default and enforcement action in district court.  (Doc. # 1-3 at 2, 7).  Here, Defendants would have had to make payments beginning sometime in January 2020—they did not seek a stay, nor did they begin payments—and therefore they defaulted, as discussed in detail below.

### 2.   *One-Year Limitation*

Now that the Court has determined that a finding of default is still part of the statutory scheme and the Department of Labor found a default in this matter, the Court must address the plain language of the statute to determine if there were any procedural defects in the supplementary orders.  As discussed above, the statute contains the requirement that the application for a supplementary order occur "within one year after

such default." 33 U.S.C. § 918(a).  The parties dispute whether this bars Adams' ability to request a supplementary order.

An employer is in default if they fail to pay compensation "due under any award of compensation for a period of thirty days after the compensation is due and payable . . . ." *Id*.  The relevant regulations indicate that benefits are due after the issuance of an effective[3] order requiring payment, such as a compensation order issued by an ALJ; however, they also indicate that benefits are due thirty days after the district director computes the number of benefits payable and issues a computation of benefits.  20 C.F.R. §§ 725.502(a)-(b); *Templeton v. Appolo Fuels, Inc.*, 525 F. Supp. 3d 802, 809 (E.D. Ky. 2021) (citing *Thacker*, 416 F. Supp. 3d at 659 (collecting cases)).[4]

Under either conception, Adams requested the supplementary orders out of time. Here, the ALJ awarded benefits on December 18, 2020 (Doc. # 1-2 at 1-2) and the computation of benefits was issued on December 29, 2020 (Doc. # 1-3 at 1).  That means the default occurred thirty days from either of the above dates, approximately sometime in January 2021.  Unfortunately for Adams, 33 U.S.C. § 918(a) states that application for

---

[3]     The ALJ's order becomes effective when filed with the district director.  20 C.F.R. §§ 725.479(a) and 725.502(a)(1).

[4]     The Court notes there is tension between the ambiguity of the regulations and case law interpreting when benefits become due.  In *Thacker* and *Templeton*, the courts indicated that both of the following conditions must be fulfilled before benefits are due: the ALJ must issue an effective award *and* the district director must file the computation of benefits, while the courts in *Byrge* and *Vialpando* determined benefits were due only thirty days after the ALJ's award became effective. 416 F. Supp. 3d at 657-58, 666 (noting both conditions must be met); 525 F. Supp. 3d at 809 (same); 301 F. Supp. 3d at 798 (holding that defendants were required to start paying benefits when the ALJ's order became effective); 2018 WL 5017754, at *4-5 (same).  Unfortunately, the regulations are not clear on this issue.  *See* 20 C.F.R. § 725.502.  Defendants take the same approach as the courts in *Byrge* and *Vialpando*, that the correct start date for the thirty-day clock for when benefits are due is when the ALJ's award becomes effective, not when the computation of benefits is issued.  (Doc. # 6 at 5-6).  Plaintiff seemingly argues under the *Thacker* and *Templeton* formulation that the computation of benefits starts the clock. (Doc. # 13 at 9).  The Court need not address this issue since under either formulation Adams would be out of time.

7

a supplementary order may be made "within one year after such default," which gave her until January 2022, but Adams did not request the supplementary orders until September 9, 2022.  (Doc. # 1-6 at 1).

In her brief, and during the recent telephonic hearing on her motion, Adams argued that the OWCP issued new calculations of benefits in June 2022 after the Benefits Review Board affirmed the ALJ's award, which justified tolling of the one-year limit.  (Docs. # 13 at 9 and 15).  However, Adams cites to no authority to support this proposition and when her counsel was asked at the hearing whether he knew of any supporting authority, he indicated he did not.  Therefore, this Court cannot accept Adams' argument when there is authority to the contrary.  *See Thacker*, 416 F. Supp. 3d at 666 (noting that the plaintiff could have pursued a remedy under § 918 if she had brought the action *within one year after* the ALJ's order became due); *see also Cassell v. Taylor*, 243 F.2d 259, 260 (D.C. Cir. 1957) (holding that the one-year limitation in § 918 barred procurement of a judgment when employee sought a judgment sixteen years after the employer's default).

While sympathetic to Adams' financial situation given the recent flooding in eastern Kentucky, this Court is tasked with applying and interpreting the law, and cannot be swayed by sympathy in reaching its decisions.  The law is simply not on her side. Therefore, the Court must find that the supplementary orders issued in this case were not in accordance with law because Adams did not seek the orders until well after one year of the default.  Accordingly, the Court must grant Defendants' Motion to Dismiss (Doc. # 5) because Adams has failed to state a claim upon which relief can be granted due to the one-year limit imposed by 33 U.S.C. § 918(a).

III.    **CONCLUSION**

Thus, for the reasons articulated herein, **IT IS ORDERED** as follows:

(1)    Plaintiff's Motion for Order to Show Cause (Doc. # 4) is **DENIED**;

(2)    Defendants' Motion to Dismiss (Doc. # 5) is **GRANTED**;

(3)    Plaintiff's Complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE**; and

(4)    A Judgment shall be filed contemporaneously herewith.

This 30th day of January, 2023.



**Signed By:**

*__David L. Bunning__*

**United States District Judge**

K:\DATA\ORDERS\PikeCivil\2022\22-119 MOO.docx

9